## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DESMOND M. VALENTINE, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:12-cv-414-JMS-DKL |
| | ) |
| DAVID BURCH, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Desmond Valentine is a state prisoner who was disciplined in a proceeding identified as No. STP 11-12-0070 for violating prison rules by engaging in disorderly conduct.

The evidence favorable to the decision of the conduct board *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994), is the following: During the morning of December 22, 2011, Officer Stevens told Desmond to re-direct himself and walk away from a particular area within the prison. Desmond responded with a string of vulgarities, broke his identification card, and exclaimed to Officer Stevens that he, Valentine, "will do whatever the fuck I want."

Contending that the proceeding was constitutionally infirm, Valentine now seeks a writ of habeas corpus. His specific contention is that the finding of misconduct—the finding of disorderly conduct—was not based on constitutionally sufficient evidence.

The writ Valentine seeks can be issued only if the court finds that he is Ain custody in violation of the Constitution or laws or treaties of the United States.@ 28 U.S.C. ' 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus must be **denied.** The reason for this disposition is that the pleadings and the expanded record show that (1) the procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), were provided, (2) there was at least Asome evidence@ to support the decision of the conduct board as required by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985), and (3) the proceedings were not otherwise tainted by prejudicial error.

Valentine's challenge to the sufficiency of the evidence fails. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). Here, the conduct report is clear and provides a direct account of Valentine's conduct and a reasonable adjudicator could readily have concluded that Valentine's repeated vulgarity, the ripping off of his identification card, and the defiant statement occurred and were disorderly. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The evidence here was constitutionally sufficient.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Valentine to the relief he seeks. Accordingly, Valentine's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/20/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Desmond M. Valentine
No. 219411
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

All Electronically Registered Counsel